UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SOLOMON E. SHAMI,

                            Plaintiff,                              **MEMORANDUM & ORDER**
                                                                                   09-CV-722 (RRM) (VVP)

- against -

NATIONAL ENTERPRISE SYSTEMS,

                            Defendant.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.

    Plaintiff Solomon E. Shami ("Plaintiff") brings this putative class action against Defendant National Enterprise Systems, Inc. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is DENIED.

## FACTUAL BACKGROUND

    Plaintiff is a resident of New York who resides in Kings County and is a "consumer" within the meaning of the FDCPA. Defendant is an Ohio-based company regularly engaged in the collection of debts allegedly owed by consumers and is therefore a "debt collector" within the meaning of the FDCPA. On October 6, 2008, Plaintiff received a form collection letter from Defendant seeking to collect a debt allegedly incurred by Plaintiff to a third-party that had subsequently been assigned to Defendant. The letter stated, in pertinent part:

> You can now pay by automated phone system ... or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment

> on this account. You are not required to use the automated
> phone system or the internet to make payment on this
> account.

(*See* Def.'s Notice of Mot. (Docket No. 10), Ex. A (the "Collection Letter").)

On February 20, 2009, Plaintiff commenced this action alleging that the language set forth above violated § 1692e of the FDCPA "by using false and deceptive means in the collection of debt by making a false representation that it was entitled to receive compensation for payment by automated phone system or the internet." (Compl. (Docket No. 1) at ¶ 24.) Plaintiff further alleges that the Collection Letter violated § 1692f(1) of the FDCPA "by collecting an amount that was not authorized by contract or permitted by law." (*Id.* ¶ 25.)

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applicable to a Rule 12(b)(6) motion. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). A court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). In addition to considering the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings ... and

documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Schaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## DISCUSSION

One of the FDCPA's principal objectives is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The question of whether a debt collector's action violates the FDCPA is determined objectively from the viewpoint of the "least sophisticated consumer." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998). This standard is intended to protect "the gullible as well as the shrewd." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (citing *Cloman v. Jackson*, 988 F.2d 1314, 1318 (2d Cir 1993)). However, even in "crafting a norm that protects the naïve and the credulous," courts must "carefully preserve the concept of reasonableness." *Id.* Of course, the FDCPA does not provide relief for claims that are based on "bizarre or idiosyncratic interpretations of collection notices." *Cloman*, 988 F.2d at 1320.

Plaintiff's Claim Under 15 U.S.C. § 1692f(1)

Section 1692f(1) of the FDCPA prohibits debt collectors from "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The Second Circuit has held that "[t]he FDCPA prohibits (*inter alia*) a debt collector from collecting *any service charge* 'unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" *Tuttle v. Equifax Check*, 190 F.3d 9, 11 (2d Cir. 1999) (quoting 15 U.S.C. § 1692f(1)) (emphasis added). Therefore, "[u]nder the FDCPA, [a debt collector] may

impose a service charge if (i) the customer expressly agrees to the charge in the contract creating the debt or (ii) the charge is permitted by law... In other words,

> *If state law expressly permits service charges*, a service charge may be imposed even if the contract is silent on the matter;
>
> *If state law expressly prohibits services charges*, a service charge cannot be imposed even if the contract allows it;
>
> *If state law neither affirmatively permits nor expressly prohibits service charges*, a service charge can be imposed only if the customer expressly agrees to it in the contract."

*Id.* at 13 (citations omitted).

In this case, Defendant does not assert that the transaction fees described in the Collection Letter were expressly authorized by the underlying agreement creating the debt; nor does Defendant assert that these fees are otherwise permitted by New York law. Defendant contends instead that § 1692f(1) itself is inapplicable because the phone and online methods of payment are optional.

In the absence of direct support from the Second Circuit Court of Appeals or guidance from district courts in this Circuit, Defendant principally relies an unpublished opinion from the Central District of Illinois. *See Mann v. Nat'l Ass'n Mgmt. Enters., Inc.*, No. 04-1304 (C.D. Ill. Feb. 23, 2005). In *Mann*, a debt collector sent the plaintiff two collection letters offering to settle outstanding credit card debt. *See* slip op. at 1. The letters stated, in relevant part:

> If you have elected to make payments via our "check by phone" system, our office charges a convenience fee of $7.50 per transaction for this service. This fee is in addition to your actual payment and the fee will not be credited to your outstanding balance.
>
> *Id.* at 2.

4

The court observed that "the check-by-phone method of payment is presented as an option and the amount of the fee for the service is disclosed." *Id.* The court opined that "consumer harm seems nonexistent" and that a consumer "might actually want to pay for the check-by-phone option." *Id.* at 2-3. Specifically addressing Plaintiff's § 1692f(1) claim, the court relied on *Lewis v. ACB Bus. Servs., Inc.*, 911 F. Supp. 290 (S.D. Ohio 1996), and *Lee v. Main Accounts, Inc.*, 125 F.3d 855 (6th Cir. 1997) and, concluding that it was unclear that the optional payment method constituted a collection within the meaning of the FDCPA, dismissed the plaintiff's § 1692f(1) claim. *Id.* at 4. However, for the reasons set forth below, the Court finds *Mann's* reliance on the cases noted above misplaced and declines to adopt that court's ultimate conclusion.

In *Lewis*, the court reasoned that a payment option that imposed a processing fee in the event the debtor opted to make payment with an American Express moneygram did not violate § 1692f(1) because the debt collector itself would not receive any portion of the processing fee. *See Lewis*, 911 F. Supp. at 293-94. ("[Plaintiff's] claims were dismissed because the uncontradicted evidence proved that any such fee, voluntarily chosen by the debtor if he or she chose this payment option, *would not be paid to [defendant/debt collector] or any entity it controlled* and was a standard fee charged by the processor of the payment, an independent entity.") (emphasis added).

Similarly, in *Lee*, the court found that a five-percent "transaction fee" noted in a collection letter did not violate § 1692f(1) because the fee itself was imposed and collected by a third-party credit card processing company; thus, the debt collector itself did not receive any additional compensation in the event that the debtor voluntarily availed herself of the option to pay the debt with a credit card. *See Lee*, 125 F.3d at 855.

("[T]he five-percent transaction fee mentioned in the letter is not a fee collected by [the debt collector], but a *third-party charge* triggered when the debtor chose the option of paying by credit card ... and [the debt collector] would not have received any additional compensation from the credit card fee.") (emphasis added).

By contrast, in *Longo v. Law Office of Gerald E. Moore & Assocs., P.C.*, No. 04 C 5759 (N.D. Ill. Feb. 3, 2005), another unpublished case cited by Defendant, the court found that a collection letter offering the debtor the option of paying the debt by phone for a $7.50 fee violated § 1692f(1) because the fee was "incidental" to the underlying debt. *See* slip op. at 8. The court noted that the FDCPA does not specifically state how "incidental" a fee must be to fall outside its scope, but concluded that the liberal construction afforded the statute warranted that the fee be considered incidental to the claimed debt. *Id.* The court further noted that the collection letter at issue in that case did not list any other payment options and was geared "toward handling payment of the debt over the telephone." *Id.*

The Court concludes that Plaintiff has stated a claim under § 1692f(1). The court in *Longo* rested its decision on the FDCPA's prohibition on the collection of *any* fee in excess of the underlying debt unless authorized by prior agreement or state law. Likewise, this Court concludes that the fees outlined in the Collection Letter at issue, like the pay-by-phone fees discussed in *Longo*, are incidental to Plaintiff's purported actual debt. Next, it is unclear at this stage of this litigation whether the underlying contract between Plaintiff and the original creditor contemplated future transactional fees—that is, whether Plaintiff previously agreed to pay charges in excess of his actual debt in the

event that he defaulted under the agreement.[1] Finally, there is no evidence that the fees at issue were simply Defendant's attempt to pass the costs of third-party charges to Plaintiff, or, as Plaintiff alleges, a method of obtaining increased compensation through the impermissible collection of service charges in addition to the underlying debt.

Plaintiff's Claim Under § 1692e(2)

Section 1692e of the FDCPA prohibits debt collectors from employing "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2) prohibits "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. 1692e(2). Plaintiff contends that Defendant violated § 1692e(2) by falsely representing in the Collection Letter that it was entitled to receive compensation for telephone and online payments. (*See* Compl. ¶ 24.)

Because the Court has concluded that Plaintiff has stated a claim under § 1692f(1) of the FDCPA, Plaintiff has also stated a claim under § 1692e(2). Specifically, if it is determined that the Collection Letter violates § 1692f(1) by representing that the transaction fees are permissible, Defendant also would be in violation of § 1692e(2). *See Longo*, slip op. at 10.

Moreover, several aspects of the Collection Letter suggest that it might be misleading to an unsophisticated consumer in other ways. First, unlike the fees at issue

---

[1] The actual Collection Letter that Plaintiff received has not been produced. Rather, Defendant has submitted a template version of the letter it presumably sent to Plaintiff. The template version does not include any information concerning the identity of the original creditor, the agreement between Plaintiff and the original creditor, the date the purported debt became due, or the total amount Defendant claims that Plaintiff owes.

7

in all of the cases discussed above, the Collection Letter in this case did not state how much Plaintiff might be charged in the event he used the phone or internet to pay his debt. Second, much like the letter at issue in *Longo*, the Collection Letter here appears designed to *encourage* its recipient to make payments telephonically or electronically, and thereby incur the transaction fee. Specifically, the paragraph outlining the debtor's payment options begins with a sentence announcing that the debtor "can now pay" via Defendant's "800" number and/or website address, but does not list a mailing address where payments may be sent.[2] Moreover, this language assumes that the recipient possesses awareness of some prior payment method; however, Plaintiff alleges that this was the first collection letter he received from Defendant. (*See* Compl. ¶ 9.) In other words, the letter presents Plaintiff with two *new* options of remitting payment without explaining that a previous method of payment (*i.e.*, one that does not impose any fee) remains available.

In sum, the Court concludes that Plaintiff's interpretation of the Collection Letter is neither bizarre nor idiosyncratic. Rather, viewed from the standpoint of the least sophisticated consumer, the structure and tone of the Collection Letter is potentially misleading with regard to whether the phone/online payment methods were optional services being offered for a separate fee and therefore distinct from the underlying debt. Specifically, it is not unreasonable to assume that a gullible consumer might conclude

---

[2] Although the Collection Letter is printed on Defendant's letterhead and includes a detachable form that the debtor must complete and return along with a check, the paragraph specifically discussing methods of payment neither lists a mailing address to which payment may be sent nor indicates to what entity checks should be made payable. Since the Collection Letter contains information about both the debt collector and the original creditor, it may be unclear to an unsophisticated consumer to which entity payment should be made. In this regard, the Court notes that the only phone number appearing in the Collection Letter is the 800 number to be used for payments; in the event the debtor attempts to contact Defendant for clarification or more information, he or she will automatically be directed to an automated system designed to process payments.

that telephonic or electronic payments are Defendant's preferred methods of payment or that, in contrast with past payment practice (about which a debtor receiving the instant letter for the first time would not be aware), payments should be made through Defendant's 800 number or website. Considering the consumer protection goals underscoring the FDCPA, the liberal construction afforded the statute, and drawing all inferences in Plaintiff's favor, the Court concludes that Plaintiff has also stated a claim under § 1692e(2).

## CONCLUSION

For the forgoing reasons. Defendant's motion to dismiss the Complaint (Docket No. 10) is DENIED. This matter is respectfully referred to the assigned magistrate judge, the Honorable Viktor V. Pohorelsky, for supervision of pretrial matters.

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2010

_____
ROSLYNN R. MAUSKOPF
United States District Judge