UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SOLOMON E. SHAMI,

               Plaintiff,                   **ORDER**

   - v -

                                                        CV-09-722 (RRM)(VVP)

NATIONAL ENTERPRISE SYSTEMS, INC.,

               Defendant.
----------------------------------------------------------------x

      At a discovery hearing held on March 24, 2011, I denied the plaintiff's motion to compel the defendant to produce certain information that might reflect on the defendant's net worth on the ground that the information would only become relevant if and when the plaintiff's anticipated motion for class certification was granted.[1] Because the defendant was unwilling to stipulate that it would not seek to defeat class certification with any argument that rested on its net worth, I afforded the parties the opportunity to submit authority for the proposition that the defendant's net worth could be relevant to the issue of class certification. The plaintiff has now submitted a letter with citations to several cases in which the court discussed the net worth of the defendant debt collector in addressing whether class certification was appropriate. Upon review of those cases, as well as others that are cited in the cases, it appears that a series of decisions in the District of Minnesota have determined that plaintiff had not established the superiority of a class action over other methods of adjudicating FDCPA claims because the plaintiff had not established that the net worth of the defendant was sufficient to provide any meaningful recovery to the class members. *See, e.g., Bryant v. Bonded Account Service/Check Recovery, Inc.*, 208 F.R.D. 251, 260-61 (D. Minn. 2000); *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 569 (D. Minn. 2003); *Sonmore v. CheckRite Recovery Servs.*, 206 F.R.D. 257, 265-66 (D. Minn. 2001); *but see Egge v. Healthspan Serv. Co.,* 208 F.R.D. 265, 271-72 (D. Minn. 2002) (granting class certification notwithstanding *de miminis* statutory damages recovery). Although this view has not gained wide acceptance anywhere

---

[1]Under the Fair Debt Collection Practices Act, which provides the basis for the plaintiff's claim in this action, a defendant's liability in a class action is limited to the lesser of $500,000 or 1% of its net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii).

else, and has been specifically rejected by various court in this circuit, *see, e.g., Weber v. Goodman*, 9 F. Supp. 2d 163, 170-71 (E.D.N.Y. 1998); *Kalish v. Karp & Kalamotousakis*, LLP, 246 F.R.D. 461, 464 (S.D.N.Y. 2007); *Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303, 314 & n.9 (D. Conn. 2004), the modicum of authority offered by the plaintiff provides a basis for permitting the plaintiff to obtain some discovery concerning the defendant's financial affairs in advance of the class certification motion unless the defendant eschews any reliance on its net worth in its effort to defeat class certification. Although the defendant has suggested in its letter responding to the plaintiff's that it "has not contended that a class action is unsuitable because it has a low net worth," Def. Ltr. Mar. 29, 2011, a more formal statement of non-reliance is necessary. Accordingly, unless the defendant files a stipulation by April 6, 2011 in which it agrees not to raise its net worth, or lack thereof, in its opposition to the plaintiff's proposed class certification motion, the defendant will be required to produce the documents responsive to the plaintiff's document requests 4 and 10 by April 15, 2011.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
March 29, 2011