```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SOLOMON E. SHAMI,                           :
                                            :
        Plaintiff,                          :   CA No.:  09-CV-722(RRM)(VVP)
                                            :
        vs.                                 :
                                            :
NATIONAL ENTERPRISE SYSTEMS, INC.           :   **MEMORANDUM OF LAW**
                                            :
        Defendant.                          :
------------------------------------------------------------ x
```

Defendant's Motion for Summary Judgment should be denied. Defendant, in its Memorandum of Law, cited no additional cases than that it cited in its failed Motion to Dismiss the Pleadings. To the extent that the defendant seeks to re-argue its Motion, the entire Memorandum should be stricken as inappropriate. In the court's well-reasoned decision dated September 23, 2010 which is now the law of this case, the court rejected or distinguished the case law cited by the defendant in it's present memorandum and concluded that in order for the defendant NES to charge the fees that it was charging, it was required to produce an agreement between the creditor, in this case Bank of America, and the plaintiff SHAMI which the defendant has not done.

To the extent that the defendant adds anything to its prior Motion it has produced two affidavits, one affidavit of Chris Taylor who according to the affidavit is employed by NES as director of collections, and another affidavit of Tracey Stanton who is the general counsel of On-Line Resources Corporation which was formerly known as Internet Transaction Solutions, Inc. (ITS). ITS according to these affidavits is the company hired by NES to accept its internet and automated telephone payments. Although these affidavits are essentially self-serving affidavits which seem to have been signed without either of these two individuals reading the same,

nevertheless they clearly would support plaintiff SHAMI's position that the fees sought to be imposed in the letter complained of in the plaintiff's Complaint violate the FDCPA. In looking at the affidavit, they both refer to the phone number as 800-238-068 (sic). The collection letter which is also enclosed within the papers of the defendant indicates that the automated phone system phone number is 800-238-0868. The defendant's Memorandum of Law at page 3 also references the phone number as 800-238-068 (sic).

The affidavit of the employee of NES makes clear that NES in fact accepts payments over the phone without the consumer incurring any fee. In paragraph 8 of the affidavit of Chris Taylor it states: "NES provides consumers with several additional options to make a payment on an account. A consumer may make a payment over the telephone without a fee." Therefore it is clear that the letter is deceptive inasmuch as it fails to indicate that if you call the 800 number on the letterhead to make a phone payment you will not incur a fee; however if you make an automated phone payment at the 800 number which is contained in the body of the letter, which the court has already ruled is presented as prominent and presented in a way as to make it the preferred way of calling or paying by phone, you will incur a fee. There would seem to be no difference whatsoever between the two 800 numbers and there would seem to be no reason why it is that a consumer should pay a fee in this case. Further the so called third party telephone number is answered as NES and the web site indicate that it is NES and not as claimed here a third party.

As the court also pointed out the letter in this case fails to indicate how much is being charged for the privilege of paying by phone or by internet. The letter encourages consumers to make payment telephonically or electronically and further as to the telephonic payment, purposely encourages the consumer to make the payment in a way that incurs a charge. Since

the consumer has the option of paying telephonically without a charge there is no justification for charging a fee.

As the letter indicates both the web site as well as the telephone number, 1-800-238-0868, belong to NES and not as the Memorandum of Law as well as the affidavit would suggest a third party. The web site indicates it is an NES site and the telephone number is answered as National Enterprise Systems.

Ultimately the failure of the argument of the defendant lies in its failure to understand how it is that one is to interpret the violation in the context of a consumer statute. The statute makes very clear that any fee added is illegal, there is no exception put forth in the statute that if the fee is added by a third party it is not illegal. What defendant has correctly pointed out is that courts have viewed certain third party fees as being exempt. This is not because any mention can be found in the statute, but rather because courts have held that common sense dictates that certain third party fees should be exempted. These cases involve a traditional third party service with rates set by a third party and provided for by a third party in its own name.

The FDCPA is a statute that protects consumers from deceptive and abusive practices perpetrated by debt collectors. What the documents submitted herein demonstrate is that there is no common sense reason to exempt these fees from the FDCPA. In this case the consumer, in paying such a fee, has essentially been taken advantage of by a debt collector. It makes no difference where the money is paid and where the money goes. Ultimately the only thing that matters to the consumer is that he has paid. The statute protects consumers from debt collectors. Debt collectors are viewed by the statute as entities that will take advantage of consumers in ways that are not fair to the consumer. Congress has decided that no fee should be imposed

3

upon debtors by debt collectors unless those fees were expressly provided for by an agreement or expressly provided for by a statute. In this case the fee agreement between the creditor, Bank of America, and SHAMI, did not provide for such fees. In the absence of such an agreement and in the absence of statute these fees are deemed to be unfair. Thus in this case the agreement between NES and ITC make very clear NES negotiated a fee to be imposed upon the consumer, essentially passing on its costs of collection to the consumer. The fact that the agreement has called for the third party to impose the fee and further has allowed the third party to retain that fee is irrelevant. In fact in this case the third party collects all the monies for these transactions and it holds whatever amounts it is permitted to pursuant to the agreement and the rest of the monies got o NES. This does not make any difference. The consumer is always in the same position, that of loser. This is precisely what the FDCPA is designed to prevent.

The FDCPA prevents debt collectors from imposing certain types of fees upon debtors. In this circuit it is clear the question of whether communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer. *Clomon s. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). As the Second Circuit stated "the Act is primarily a consumer protection statute, and we have consistently interpreted the statute with that congressional object in mind. *Jacobson v. Healthcare Financial Services*, 516 F.3d 85 at 95 (2d Cir. 2008). Keeping in mind that the statute is designed to protect consumers and in this case protect consumers from unwarranted fees, this court needs to conclude that in fact this fee is unwarranted. The question then for the court would be whether or not the statue is protecting the consumer by not permitting NES to impose this fee upon a consumer for making a payment over the phone or over the internet.

There is simply no argument here to be made that NES is somehow exempt from the

4

force of this statute. Defendant mentions the fact that the payment is voluntary. This of course is a distinction without a difference. Nowhere in the statute is there anything to suggest that the only an involuntary fee is illegal. The third party here is not an independent party in the sense in which it is normally meant in the context of exempting a third party from 15 USC section 1692(f)(1). In this case the third party is completely unknown to the consumer both because the third party does not offer its services to consumers generally and because the third party has not been disclosed as a third party to the consumer. The charges imposed upon the consumer are not imposed by the third party but have been dictated by the debt collector in its agreement with the third party, i.e., the third party has not determined how much to charge the consumer independently of the debt collector. Therefore the court cannot figure out what it is the consumer would otherwise be paying to the third party as and for its services. In this case the agreement was made between NES and the third party without consulting the consumer. Further the third-party charges are not independently determined. The consumer in this case is left in the same position as if the debt collector were directly collecting the charges imposed as the charges have been determined by the debt collector and not by the marketplace.

CONCLUSION

For the above noted reasons the motion for the defendant should once again be denied.



Dated: Cedarhurst, New York
       July 1, 2011


                         LAW OFFICES OF LAWRENCE KATZ P.C.

By:  *s/ Lawrence Katz*
      Lawrence Katz, Esquire
      445 Central Avenue, Suite 201
      Cedarhurst, NY  11516
      (516) 374-2118
      Attorney for Plaintiff, Solomon E. Shami