UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SOLOMON E. SHAMI,

    Plaintiff,

vs.

NATIONAL ENTERPRISE SYSTEMS,

    Defendant.
----------------------------------------------------------------x

CA No.: 09-CV-722(RRM)(VVP)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED R. CIV. P. 56

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant
NATIONAL ENTERPRISE SYSTEMS
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
KBR File No.: 860.232

Of Counsel:

    Jonathan B. Bruno, Esq.
    Deborah Michelle Zawadzki, Esq.

1595054

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

    ARGUMENT ..................................................................................................................... 1

    POINT I

        PLAINTIFF'S OPPOSITION TO NES'S MOTION SHOULD BE
        STRICKEN AS UNTIMELY ...................................................................................... 1

    POINT II

        NES'S LETTER COMPLIED WITH 15 U.S.C. §1692f(1) ......................................... 1

    POINT III

        NES'S LETTER COMPLIED WITH 15 U.S.C. §1692e(2) ........................................ 4

CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

Greco v. Trauner, Cohen & Thomas, L.L.P.,
412 F.3d 360, 363 (2d Cir. 2005) ............................................................................................. 4

Lee v. Main Accounts, Inc.,
125 F.3d 855, 1997 WL 618803 (6th Cir.) ............................................................................... 2

Lewis v. ABC Business Serv.,
911 F. Supp. 290, 292-293 (S.D. Ohio, 1996) ......................................................................... 2

Longo v. Law Office of Gerald E. Moore & Assocs., P.C.,
No. 04 C 5759, 8 (N.D. Ill. Feb 3, 2005) ................................................................................. 2

Mann v. National Asset Management Enterprises, Inc.,
Case No. 04-CV-01304-JBM-JAG (C.D. Ill., Feb. 24, 2005) ................................................... 2

Miller v. Wolpoff & Abramson, L.L.P.,
321 F.3d 292, 308 (2d Cir. 2003) ............................................................................................. 3

**Statutes**

15 U.S.C. §1692f(1) ........................................................................................................... 1, 2, 3

15 U.S.C. § 1692e(2) ............................................................................................................. 4, 5

## PRELIMINARY STATEMENT

Now comes Defendant National Enterprise Systems, Inc. ("NES"), by counsel, and respectfully requests that this court grant its Motion for Summary Judgment ("Motion"). Plaintiff has failed to meet his burden to provide evidence in support of his claims. Instead, Plaintiff merely relies upon inadmissible legal conclusions without the support of any legal authority or evidentiary support. NES did not attempt to collect an impermissible fee in addition to the underlying debt. Accordingly, NES is entitled to summary judgment as to all claims.

## ARGUMENT

### POINT I

### PLAINTIFF'S OPPOSITION TO NES'S MOTION SHOULD BE STRICKEN AS UNTIMELY

Plaintiff's opposition to NES's Motion ("Plaintiff's Memo") should be stricken as untimely. Pursuant to an agreement between counsel, Plaintiff's Memo was due on July 1, 2011. (Dkt. #37). When plaintiff failed to oppose NES's Motion by July 1, 2011, our office sent an email to plaintiff's counsel on July 7, 2011, advising that we had yet to receive plaintiff's opposition papers, which were then late, and inquiring as to when plaintiff intended to serve his opposition papers. See July 7, 2011 email, annexed to the Affidavit of Deborah M. Zawadzki as Exhibit A. Plaintiff did not respond to our email. It was not until July 12, 2011, after our office advised the court that plaintiff had failed to serve opposition papers, filed NES's Motion and requested that it be submitted without opposition that, without any request for leave from the Court, plaintiff filed his opposition papers. (Dkt. #45, 46). Accordingly, because Plaintiff's Memo was untimely, NES's Motion should be submitted without any opposition.

### POINT II

### NES'S LETTER COMPLIED WITH 15 U.S.C. §1692f(1)

Plaintiff cannot prevail on his claim under §1692f(1) because NES did not attempt to collect an impermissible fee in addition to the underlying debt. According to Plaintiff, NES's

1595062

correspondence violated §1692f(1) by "collecting an amount that was not authorized by contract or permitted by law." See Complaint, ¶ 25. On September 30, 2009, NES filed a Motion to Dismiss, contending that NES's letter did not violate the FDCPA. (Dkt. #10).

On September 23, 2010, this court denied NES's Motion to Dismiss. (Dkt. #13). In the Court's Memorandum and Order, the court discussed similar letters at issue in Lee v. Main Accounts, Inc., 125 F.3d 855, 1997 WL 618803 (6th Cir.), Mann v. National Asset Management Enterprises, Inc., Case No. 04-CV-01304-JBM-JAG (C.D. Ill., Feb. 24, 2005), Lewis v. ABC Business Serv., 911 F. Supp. 290, 292-293 (S.D. Ohio 1996), and Longo v. Law Office of Gerald E. Moore & Assocs., P.C., No, 04 C 5759 (N.D. Ill. Feb 3, 2005). This court adopted the reasoning in Longo, which held that a processing fee was "incidental" to collection because the debt collector received the fee. See Memorandum and Order, p. 6; Longo, p. 8. Therefore, this court reasoned that, in contrast to Lee, Mann, and Lewis,

> there is no evidence that the fees at issue were simply Defendant's attempt to pass the costs of third-party charges to Plaintiff, or, as Plaintiff alleges, a method of obtaining increased compensation through the impermissible collection of service charges in addition to the underlying debt.

Id. at p. 7.

In this matter, NES did not attempt to collect an impermissible fee in addition to the underlying debt. Like the third party fees at issue in Lee, Mann, Lewis, and Longo, the transaction fee in this matter is charged by Online Resources Corporation f/k/a Internet Transaction Solutions, Inc. ("ITS"), not NES. See Affidavit of Chris Taylor ("Taylor Aff."), ¶ 5; Affidavit of Tracy Stanton ("Stanton Aff."), ¶ 5.[1] Moreover, NES does not keep any portion of a transaction fee paid by consumers for using ITS's services. See Taylor Aff., ¶ 6; Stanton Aff., ¶ 6. Plaintiff has failed to provide any evidence that the fees were "a method of obtaining increased compensation through the impermissible collection of service charges in addition to

---

[1] The Affidavits of Chris Taylor and Tracy Stanton were filed in support of NES's Motion on July 12, 2011 (Dkt. #42, 43).

2

the underlying debt." See Memorandum and Order (Dkt. #13), p. 7. The fee at issue was not and never has been charged by NES. See Taylor Aff., ¶ 5; Stanton Aff., ¶ 5. ITS received the service fees directly from the consumers in connection with a transaction. See Stanton Aff., ¶ 6.

Plaintiff erroneously contends "that any fee added is illegal, [and] there is no exception put forth in the statute that if the fee is added by a third party it is not illegal." See Plaintiff's Memo, p. 3. Notably, Plaintiff failed to provide any authority in support of his contention. Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." A "cause of action under §1692f(1) requires a showing that **defendants attempted to collect an amount** not expressly permitted either by the agreement creating the debt or by law." See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 308 (2d Cir. 2003)[emphasis added]. Here, NES did not attempt to collect on a fee from Plaintiff. Instead, Plaintiff was simply provided an opportunity to voluntarily choose a third party service in return for a fee charged by the third party, not NES. In fact, it is undisputed that Plaintiff was never charged and never paid a fee charged by NES or ITS.

Plaintiff's assertion that it is irrelevant that the third party service was voluntarily is baseless. See Plaintiff's Memo, p. 5. Again, Plaintiff failed to provide any authority in support of his assertion. Plaintiff is simply attempting to create a claim based on the reality that every form of payment has some cost to a consumer. Even if a consumer mails in a check, a consumer must pay for an envelope, a stamp and possibly monthly charges from his bank. Under Plaintiff's theory, a debt collector would violate the FDCPA if it did not reimburse a consumer for the cost of the stamp and envelope. There simply are costs incurred for retaining a carrier to deliver a payment. What is critical here is the fact that NES does not attempt to collect a fee from any consumer for making a payment on any account. See Taylor Affidavit, ¶ 7. Instead, NES accepts payments from consumers in various ways. Id. at ¶ 8. Thus, Plaintiff's claim under §1692f(1) is without merit.

## POINT III

## NES'S LETTER COMPLIED WITH 15 U.S.C. §1692e(2)

Plaintiff also cannot prevail on his claim under §1692e(2). Notably, Plaintiff has not contested this conclusion in his Memo. When this Court rendered the September 23, 2010 Order, it did not have the benefit of reviewing the actual letter. See Memorandum and Order, p. 7, n. 1. A review of the actual letter shows that Plaintiff's claim under §1692e(2) is likewise without merit.

Section 1692e(2) prohibits a debt collector from using any "false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Id.; see also Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005). The FDCPA does not "extend to every bizarre or idiosyncratic interpretation" of a collection notice. Id.

In this case, the actual letter demonstrates that NES did not make a false representation of the amount of the debt. The letter stated in bold and in three different locations that the amount NES was attempting to collect was $5,410.69. See Taylor Aff., Ex. 3. The letter indicated that the debtor "can now pay" via Defendant's "800" number and/or website address in order to simply highlight alternative payments available besides the standard use of mail to send a payment. Id. The letter then properly notified the consumer of a transaction fee for choosing to make a payment via an automated phone system or the internet. Id. The very next sentence stated that Plaintiff was "not required to use the automated phone system or the internet to make payment on this account." Id. The last sentence discussed making a payment by check and the bottom of the letter provided Plaintiff with a payment stub to send a check to NES. Id. The letter provided a mailing address for checks or money orders. Id. The letter also provided a telephone number to telephone NES for further information. Id. NES's letter plainly did not

4

make a misrepresentation about the debt. As a result, NES is entitled to summary judgment as to Plaintiff's claim under §1692e(2).

## CONCLUSION

As explained above, Plaintiff's claims must fail. Defendant National Enterprise Systems met its burden on summary judgment, and Plaintiff cannot point to any evidence to create a genuine issue of material fact. Therefore, Defendant National Enterprise Systems respectfully requests that this Court enter an Order granting it summary judgment pursuant to FED R. CIV. P. 56 with respect to all of Plaintiff's claims, along with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 22, 2011

                                    Respectfully submitted,

                                    KAUFMAN BORGEEST & RYAN LLP

By: _____
      Jonathan B. Bruno
      Deborah M. Zawadzki
Attorneys for Defendant
NATIONAL ENTERPRISE SYSTEMS
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
KBR File No.: 860.232

To:    Lawrence Katz, Esq.
       Law Offices of Lawrence Katz
       445 Central Avenue, Suite 201
       Cedarhurst, New York 11516
       (516) 374-2118

1595062

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Affidavit in Support, with exhibit, and Reply Memorandum of Law have been served by first-class mail postage prepaid on July 22, 2011 upon the attorneys for the parties at the addresses listed below:

Lawrence Katz, Esq.
Law Offices of Lawrence Katz
Attorneys for Plaintiff
445 Central Avenue, Suite 206
Cedarhurst, New York 11516

_____
Deborah M. Zawadzki