UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SOLOMON E. SHAMI,

            Plaintiff,

  - against -

NATIONAL ENTERPRISE SYSTEMS,

            Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
09-CV-00722 (RRM) (VVP)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

     Plaintiff Solomon E. Shami ("plaintiff") brings this putative class action against defendant National Enterprise Systems, Inc. ("defendant," "NES"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), 1692f(1). Before the Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is GRANTED.

## BACKGROUND

### I. Facts

     The following facts are not in dispute, except where specifically noted. Plaintiff is a resident of New York who resides in Kings County and is a "consumer" within the meaning of the FDCPA. NES is an Ohio-based company regularly engaged in the collection of debts allegedly owed by consumers and is therefore a "debt collector" within the meaning of the FDCPA. On October 4, 2008, Bank of America referred plaintiff's account in the amount of $5,410.69 to NES for collection. (Def.'s 56.1 Stmt. (Doc. No. 40) ¶ 1; Taylor Aff. (Doc. No. 42) ¶ 10; Taylor Aff. Ex. 2.) On October 6, 2008, NES sent its first correspondence ("the Collection

Letter") to plaintiff regarding that account.  (Def.'s 56.1 Stmt. ¶ 2; Taylor Aff. Ex. 3.)  The Collection Letter contains the following paragraph:

> You can now pay by automated phone system . . . or on the internet at www.nesi.paymybill.com. . . . Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account.  You are not required to use the automated phone system or the internet to make payment on this account.  If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

(Def.'s 56.1 Stmt. ¶ 4; Taylor Aff. Ex. 2, 3.)  The bottom of the letter also includes the following:

> **Please forward all payments and correspondence to:**
> **NATIONAL ENTERPRISE SYSTEMS**
> 29125 Solon Road
> Solon OH 44139-3442

(Def.'s 56.1 Stmt. ¶ 5; Taylor Aff. Ex. 3.)

NES is party to an agreement with Internet Transaction Solutions, Inc. ("ITS"), whereby ITS provides payment processing services, which enable consumers to make payments on accounts placed with NES via an automated telephone system at the telephone number, 800-238-0868, or via the internet at www.nesi.paymybill.com, the phone number and website included in the Collection Letter.  (*See* Def.'s 56.1 Stmt. ¶¶ 10–11; Taylor Aff. ¶¶ 3–4; Stanton Aff. (Doc. No. 43) ¶¶ 3–4, Ex. 1.)  NES maintains that ITS, not NES, directly charges consumers the transaction fee for use of its services, and that ITS retains the entirety of the fee, sharing no part with NES.  (*See* Def.'s 56.1 Stmt. ¶¶ 12–18.)  Plaintiff disputes that NES collects no part of the service fee, saying that the letter, website, and telephone information support a conclusion that charges were collected by NES.  (*See* Pl.'s 56.1 Stmt. (Doc. No. 46-4) ¶¶ 12–18.)

II.  **Procedural History**

On February 20, 2009, plaintiff commenced this action alleging that the language of the letter, set forth above, violated § 1692f(1) of the FDCPA "by collecting an amount that was not authorized by contract or permitted by law," (Compl. (Doc. No. 1) ¶ 25), and § 1692e of the FDCPA "by using false and deceptive means in the collection of debt by making a false representation that it was entitled to receive compensation for payment by automated phone system or the internet." (*Id.* ¶ 24.)

This Court denied defendant's motion to dismiss, finding that plaintiff stated claims under both § 1692f(1) and § 1692e(2). *Shami v. Nat'l Enter. Sys.*, Civ. No. 09-CV-772, 2010 WL 3824151, at *4 (E.D.N.Y. Sept. 23, 2010). Currently before the Court is defendant's motion for summary judgment as to all claims, which the Court grants in its entiretry. (Notice of Mot. Sum. J. (Doc. No. 39).)[1]

**LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, the evidence of the nonmovant "is to be believed" and the court must draw all "justifiable" or "reasonable"

---

[1] Plaintiff submitted his opposition brief after a court imposed deadline and an extended deadline agreed upon by the parties. Defendant, in its reply memorandum in further support of its motion for summary judgment, citing no precedent, asks this court to disregard plaintiff's reply as "untimely." (Reply Mem. Law Further Supp. Def.'s Mot. Sum. J. at 1.) This Court, in response to the plaintiff's late filing, extended the deadline for defendant's response. As such, the Court relies on all submissions filed by both parties.

inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.1 (2004). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*,'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256.

Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted) (alteration in original). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48).

**DISCUSSION**

**I.      Federal Debt Collection Practices Act § 1692f**

Plaintiff claims that the fee mentioned in the Collection Letter for use of the automated phone system or internet to make payments violates Section 1692f of the FDCPA. (Compl. ¶ 25) Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The Act then provides a non-exhaustive list of conduct

4

constituting a violation of that section, including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1).[2]

Section 1692f, by its plain language, applies only to "debt collector[s]." If NES attempted to collect a fee that was not authorized either by agreement or by law, then such a fee would violate § 1692f. *See Longo v. Law Offices of Gerald E. Moore & Assocs.*, No. 04 C 5759, at *8 (N.D. Ill. Feb. 3, 2005) (finding liability where debt collector and not third parties received fee). However, a fee does not violate the Act where it is not paid to the debt collector, and is instead paid to a third-party in exchange for voluntarily utilizing a particular method of payment. *See Lewis v. ACB Bus. Servs., Inc.*, 911 F. Supp. 290, 293 (S.D. Ohio 1996) (dismissing claim under § 1692f because uncontradicted evidence proved fee was paid directly to payment processor, an independent entity); *see also Lee v. Main Accounts*, Civ. No. 96-CV-3922, 1997 WL 618803, at *1 (6th Cir. Oct. 6, 1997) (affirming summary judgment because, "the . . . fee mentioned in the letter is not a fee collected by [defendant], but a third-party charge triggered when the debtor chose the option of paying by credit card. . . . [Defendant] did not force

---

[2] An affidavit provided by NES states that NES records indicate that plaintiff never made a payment or utilized an ITS service, and therefore NES never "collected" anything. (Taylor Aff. ¶ 8, 9, 12.) However, whether a fee was in fact collected is not material to the dispute, since the statute covers both collections and *attempts* to collect. § 1692f. In *Bank v. Cooper, Paroff, Cooper & Cook*, the Second Circuit held that inclusion of a bad check fee that was $10 in excess of the authorized amount in a demand notice did not violate § 1692f(1) because it was never actually collected. 356 F. App'x. 509, 511 (2d Cir. 2009). However, the court went on to consider whether it was an unconscionable means to *attempt* to collect a debt, under the general provision of the section. *Id.* The fact that subsection (1) of § 1692f does not specify that it includes both collections of and *attempts* to collect unauthorized incidental fees does not limit the general provision of the statute that includes attempts to collect. Courts in this circuit and others have continued to resolve cases involving §1692f(1) where no actual collection appears to have taken place, instead focusing on the communication seeking payment itself. *See e.g.*, *Bonafede v. Advanced Credit Solutions, LLC*, Civ. No. 10-CV-956S, 2012 WL 400789, at *2 (W.D.N.Y. Feb. 7, 2012) (finding violation of §1692f(1) based solely upon nature of communication and awarding statutory damages); *Pacheco v. Joseph McMahon Corp.*, Civ. No. 10-CV-464, 2012 WL 774943, at *2 (D. Conn. Mar. 7, 2012) (finding defendant violated §1692f(1) when it *sent* debt collection letters); *Sandlin v. Shapiro & Fishman*, 919 F. Supp. 1564, 1568 (M.D. Fla. 1996).

[plaintiff] to pay any surcharge and would not have received any additional compensation from the . . . fee.").

Defendant's motion for summary judgment is accompanied by two affidavits that demonstrate that ITS, not NES, collected and retained any fees associated with paying online or through the automated phone system referred to in the Collection Letter. One affidavit is from Corporate Counsel for Online Resources Corporation ("ORC"), formerly known as Internet Transaction Solutions, Inc. ("ITS"), and another from the Director of Collections for NES. (Stanton Aff. ¶ 2; Taylor Aff. ¶ 2.) Both affidavits state, *inter alia*, that: ITS provides payment processing services, that there is a fee for these services, that the fee was not and never has been charged by NES, that ITS receives the service fees directly from consumers, and that ITS does not share any portion of the service fees with NES. (Stanton Aff. ¶ 5, 6; Taylor Aff. ¶ 5, 6.) Attached to these affidavits is a copy of an agreement between ITS and NES, dated February 12, 2002, that states, "ITS fees for User payment management services may be charged to Users, [NES] or allocated between Users and [NES]." (Stanton Aff. Ex. 1; Taylor Aff. Ex. 1.) In other words, the contract specifies that ITS fees will be *charged* to users and potentially to NES, but it does not specify that NES will *collect* or *share* in those charges.

Plaintiff claims these affidavits are "self serving." (Pl.'s Mem. Law at 1–2.) However, an affidavit is not automatically discredited merely because it is self-serving. *See, e.g.*, *United States v. Maldonado-Rivera*, 922 F.2d 934, 972–73 (2d Cir. 1990) (finding district court entitled to credit testimony of FBI agents concerning events following arrest). Moreover, the two affidavits from representatives of separate companies, one of which is not a party to this lawsuit, corroborate each other and are unrefuted by any evidence submitted by plaintiff.

6

Rather, plaintiff alleges that "NES was the only entity charging any fees," and argues that "the letter[,] the website[,] and telephone information . . . support the proposition that these charges were made and collected by the defendant" in an effort to challenge defendant's evidence on this point. (Pl.'s 56.1 Stmt. ¶¶ 12–18.) In further support, plaintiff also attaches two exhibits to his certification in opposition to the motion for summary judgment. The first exhibit is a copy of an agreement between NES and ORC, the successor to ITS, dated December 21, 2010, titled, "Second Amendment of Master Service Agreement." (Opp'n Mot. Summ. J. Ex. 1 (Doc. No. 45).) The second exhibit is a purported screenshot of https://www.paymynesbill.com, bearing a 2010 copyright by NES and prompting the visitor for login information. (*Id.* at Ex. 2.) Plaintiff also alleges, without supporting evidence, that "at all times hereto" the automated phone system referenced in the Collection Letter is answered, "Thank you for calling National Enterprise Systems." (Cert. Opp'n Mot. Summ. J. (Doc. No. 46) ¶ 3.)

However, in marked contrast to the affidavits provided by defendant, neither of plaintiff's exhibits, nor the purported automated message, speaks to who actually collects the fees referred to in the Collection Letter. The agreement between NES and Online Resources is dated *after* the letter was sent to plaintiff and does not in any way indicate that fees will be shared with NES. (*See Id.* Ex. 1; Taylor Aff. Ex. 3.) If anything, the existence of an agreement between NES and a separate entity, for the latter to process payments online and over the phone, supports defendant's contention that any fees were collected by a third party.

Plaintiff concludes from the agreement that "the third party collects all the monies for these transactions and it holds whatever amounts it is permitted to pursuant to the rest of the monies got o [sic] NES." (Pl.'s Mem. Law at 4.) However, neither the original agreement provided by NES, nor the amendment dated after the Collection Letter provided by plaintiff,

7

indicate any such thing. Furthermore, the purported screenshot provided does not bear the same url that appears in the Collection Letter that is the subject of this action. (*See* Opp'n Mot. Summ. J. Ex. 2; Taylor Aff. Ex. 3.) Even if it did, the fact that the web address includes the name of the debt collector instead of the third-party actually collecting the fees does not show who in fact is collecting the fees; at best, plaintiff is left to sheer speculation as to who does.

In contrast to the case at bar, the collection letter at issue in *Longo* itself stated, "*our office* charges a processing and handling fee . . . per transaction for this service," and the defendant in that case acknowledged that "it was an offer made *by the collector* to perform a service" in exchange for the fee. No. 04 C 5759 at *3, 5 (emphasis added). Moreover, also missing here are other indicia that might demonstrate an unauthorized fee, such as: an account statement showing the fee and charging entity, *Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F. Supp. 2d 264, 276 (S.D.N.Y. 2001); language in the Collection Letter, as in *Longo*, which itself demonstrates that the fee in question may be prohibited; a stated balance that is inconsistent with the debt owed; statements by the defendant; or an account log maintained by defendant. *Puglisi v. Debt Recovery Solutions, LLC*, 822 F. Supp. 2d 218, 230–31 (E.D.N.Y. 2011). In this case, plaintiff's allegation that NES collects or shares in such fees is supported by no comparable indicia or evidence, and is therefore conclusory, unsubstantiated, and insufficient to withstand summary judgment. *Scotto*, 143 F.3d at 114.

Plaintiff has failed to come forward with specific facts showing that there is a genuine issue for trial as to the essential element of whether the fee is collected by a debt collector. *See Allen*, 100 F.3d at 258 ("A defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with

respect to an element essential to its case.") Therefore, defendant is entitled to summary judgment with respect to § 1692f(1).

## II. Federal Debt Collection Practices Act § 1692e

Plaintiff also claims that the Collection Letter makes misrepresentations in violation of Section 1692e(2) of FDCPA. (Compl. ¶ 24.) Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Act then provides a non-exhaustive list of conduct constituting a violation of that section, including "[t]he false representation of . . . any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." § 1692e(2)(B).

A statement is misleading for purposes of § 1692e when it would deceive or mislead the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The "least sophisticated consumer" standard is designed not only to protect the most naïve and trusting consumers, but also "to protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320. Courts in this circuit have held that "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *See id.* at 1319 (citation omitted); *Gaetano v. Payco of Wis., Inc.*, 774 F. Supp. 1404, 1411 (D. Conn. 1990)). Whether or not the wording of a collection letter is misleading to the "least sophisticated consumer" is a question of law. *Harry v. Pentagroup Fin. LLC*, Civ. No. 04-CV-4003, 2007 WL 812998, at *2 (E.D.N.Y. Mar. 14, 2007); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e.").

Plaintiff claims that the letter is deceptive because while the phone number in the body of the letter, for which a caller will be charged a fee, is "prominent and presented in a way to make it the preferred way of calling or paying by phone," the letter "fails to indicate" that if a caller makes a payment using the alternative phone number in the letterhead, he or she will not incur a fee. (Pl.'s Mem. Law at 1–2.) Defendant's affidavit notes that NES also accepts payment through the number listed in the letterhead, but the letter itself does not. (Taylor Aff. ¶ 8; Taylor Aff. Ex. 3.)

"Deceptiveness," includes the creation of ambiguity. *Wyler v. Computer Credit, Inc.*, Civ. No. 04-CV-2762, 2006 WL 2299413, at *5 (W.D.N.Y. March 3, 2006). However, a consumer is presumed to have read a letter in its entirety. *McStay v. I.C. Sys., Inc.* 308 F.3d 188, 191 (2d Cir. 2002). Where one or several sentences in a letter might be construed as misleading, but the subsequent sentences unequivocally remove or clarify the ambiguity there is no violation of the FDCPA. *Shapiro v. Riddle & Assocs.* 240 F. Supp. 2d 287, 290-91 (2d Cir. 2003).

Reading the letter with "some care," *Clomon*, 988 F.2d at 1319, even the least sophisticated consumer would understand that there were payment options for which a payer would not incur a fee. The letter appears to encourage use of the phone number in the letterhead as much as that in the body. The phone number in the letterhead is preceded by the words, "Please contact," and the body of the letter asks the reader to call that number for further information, before introducing the automated phone system number. (Taylor Aff. Ex. 3.) Then, immediately after discussing the automated phone system and online payment options, the letter clearly states, "[y]ou are not required to use the automated phone system or the internet to make payment" and then discusses payment by check. (*Id.*) Below that, the letter includes a section that states, "please complete and return the form below with your payment," and "[p]lease

10

forward all payments and correspondence to [NES's address]." (*Id.*) Moreover, in addition to the automated phone system and the number listed in the letterhead, defendant's affidavit indicates that NES accepts payments via several other methods not indicated on the letter, including by postal service, in person, through Western Union Quick Collect, and through Money Gram. (Taylor Aff. ¶¶ 8–9). The fact that NES does not indicate that it can accept payment over the phone at the number listed in the letterhead does not make it "false, deceptive, or misleading," anymore than does failing to note that it accepts payment via Money Gram.

Plaintiff also points out that "the letter in this case fails to indicate how much is being charged for the privilege of paying by phone or internet." The fact that the letter states unambiguously that payment over the automated phone system or internet incurs a fee is sufficient to put the recipient of the letter on notice that these methods are not offered free of charge. This omission does not make the letter, "false, deceptive, or misleading" anymore than failing to specify the cost of various postage methods that might be used to return payment with the attached form. It is not even clear from the contract accompanying defendant's affidavits, (*see* Stanton Aff. Ex. 1; Taylor Aff. Ex. 1.), that NES even has knowledge of how much ITS charges consumers. The contract itself states, "Where Users pay all fees, ITS may charge Users for services in its discretion." (*Id.*) Plaintiff has provided no evidence that speaks to what, if anything, ITS charged users at the time the letter was sent or whether defendant knew how much was charged, nor has plaintiff provided any legal basis for the proposition that fees charged by a third party for a voluntary service and referenced in a collection letter must be explicitly spelled out.

It could be argued that there is another way the letter may be misleading: the least sophisticated consumer could infer from the letter that NES collects the fee in question.

11

However, even if the Court found that the least sophisticated consumer could draw such an inference, it would not be material. Even an objectively false statement must be material to violate § 1692. *Hasbrouck v. Arrow Fin. Servs.*, Civ. No. 09-CV-748, 2011 WL 1899250, at *4 (N.D.N.Y. May 19, 2011); *see also Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011) ("several courts have also held that a statement must be materially false or misleading to violate Section 1692e."). Section 1692e "is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." *Hahn v. Triumph P'ships*, 557 F.3d 755, 757-58 (7th Cir. 2009). Indeed, the *stated* purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." § 1692(e). Whether NES or ITS collects the fee for voluntarily using ITS's service is immaterial to the consumer, regardless of who the consumer believes is collecting the fee. To hold that even the possibility of an immaterial misassumption on behalf of a consumer could trigger statutory damages would do nothing to advance the aims of the FDCPA.

      Finally, if the fees were deemed impermissible under § 1692f, the letter could violate § 1692e by making a false representation that fees in question could be "lawfully received." As discussed above, defendant demonstrated the absence of a genuine issue of material fact with respect to § 1692f by providing evidence that ITS, not NES, collected the fees referred to in the letter, and plaintiff has provided no evidence to the contrary. Since there is no genuine question as to whether NES collected any fees for payments made through ITS, there is no genuine question as to whether NES represented an illegal fee as legal.

12

Plaintiff has failed to come forward with specific facts showing that there is a genuine issue for trial as to the essential element of whether defendant used *materially* "false, deceptive, or misleading representation or means" in its attempted collection of plaintiff's debt. Nor did plaintiff come forward with specific facts that might show that NES falsely represented that a prohibited fee could be "lawfully received." There being no genuine issue of material fact which might lead to a different conclusion, defendant is entitled to summary judgment with respect to § 1692e.

## CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment is granted in its entirety. The Clerk of Court is respectfully directed to enter Judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge